NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the matter of:
STEPHANIE RHOADS, *Plaintiff/Appellant*,

*v.*

ERIC BAR-HAIM, *Defendant/Appellee*.

No. 1 CA-CV13-0508
FILED 07-01-2014

Appeal from the Superior Court in Maricopa County
No. FC2012-071507
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Stephanie Rhoads, Litchfield Park
In Pro Se

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

**T H O M P S O N,** Judge:

¶1 Stephanie Rhoads (mother) appeals, representing herself, from the family court's judgment. Mother raises several issues related to child support, visitation and attorneys' fees. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

¶2 In 2006, mother and Eric Bar-Haim (father) had a child. Father acknowledged paternity and they apparently raised the child together for the first thirteen months until mother relocated to Arizona. In August 2012, mother filed a request to establish child support and sought back child support for a period of three years. Father, a resident of Maryland, counterclaimed to establish parenting time and child custody. The parties filed a Joint Pretrial Statement. A trial was held and the family court filed its signed judgment on June 20, 2013, establishing child support and deciding certain parenting issues.

¶3 On July 3, 2013, mother filed a detailed request for clarification. Shortly thereafter, and prior to any ruling on the motion for clarification, mother filed an appeal from the judgment raising most of the same issues raised in her motion for clarification. The family court heard argument and ruled on the motion for clarification in October 2013 in another signed minute entry and prior to mother filing her opening brief. The family court granted "clarification" on several items which resulted in change of the monthly child support due from father from $381.79 to $670.11 after consideration of mother's payment of health insurance and the actual parenting time awarded in the prior minute entry. Mother filed her opening brief. Father did not file an answering brief.

DISCUSSION

¶4 On appeal mother asserts the family court erred in:

1. Awarding her only three years of back child support and in giving father credit for supporting two other minor children when calculating that support;

2. Not attributing unreimbursed medical expenses as between mother and father;

3. Failing to adequately allocate travel expenses and denying her request that travel only be allowed if father was up to date on support;

4. Not allowing communication via telephone as well as Skype;

5. Awarding mother only $500.00 in attorneys' fees for her successful motion to compel; and

6. Failing to award attorneys' fees.

¶5 Family court decisions regarding child support, child custody and parenting issues are reviewed only for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7, 79 P.3d 667, 669 (App. 2003); *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6, 49 P.3d 300, 302 (App. 2002); A.R.S. § 25-320 (2007). An abuse of discretion occurs only "when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520-21, ¶ 6, 975 P.2d 108, 110-11 (1999). We do not reweigh the evidence because the court, as the trier of fact, determines the credibility of witnesses and the facts to make its decision. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8, 83 P.3d 43, 47 (App. 2004).

¶6 We address, first, mother's assertions as they relate to back child support. Mother argues on appeal that the family court should have awarded her more than three years back child support and that it erred in giving father credit for supporting two children during all of those three years. We disagree. Not only was the three years of back child support the amount specifically requested in mother's Joint Pretrial Statement, it was the maximum amount of back support that the family court had statutory authority to award on this record. *See* A.R.S. § 25-320(C) (2007) (court "may" order back support "but not [for] more than three years before" the filing of the pleadings); *see also* A.R.S. § 25-809(B) (2007). As to mother's claim that father should not have been credited for supporting two other minor children when calculating the amount of back support, because one of the children wasn't born until late 2011, we cannot find that the overall sum awarded as back child support constituted an abuse of discretion. *See McNutt*, 203 Ariz. at 30, ¶ 6, 49 P.3d at 302; A.R.S. § 25-320(C) (back support is not mandatory, but discretionary).[1]

---

[1] The record could have supported a finding that father has five children total, including the two youngest children with his current wife. No evidence was presented as to how much support father actually provides to any of his children.

¶7        Mother's next issues relate to the allocation of medical and travel expenses, the form of communication between father and the child and to mother's request that travel only be allowed if father was up to date on support.   These issues were addressed in the minute entry of October 18, 2013.   The family court found that the medical expenses were to be divided 67% to father and 33% to mother and the travel expenses to be divided 61% to father and 39% to mother.  The court denied her request to only allow travel if father was up to date on child support.  The family court ordered communication to continue via Skype. We have reviewed those determinations for an abuse of discretion and find none.  See *Owen*, 206 Ariz. at 420 ¶ 7, 79 P.3d at 669.

¶8        Mother's next two issues concern attorneys' fees. Specifically, mother complains that the $500.00 awarded for her successful motion to compel was inadequate and that she was entitled to a fee award for her pursuit of the child support.   We review a decision to award fees or to not award fees under an abuse of discretion standard.  *City of Cottonwood v. Fann*, 179 Ariz. 185, 195, 877 P.2d 284, 294 (App. 1994). While mother was billed more than the amount later awarded by the court for the motion to compel, that does not make the amount either billed or awarded inappropriate.  Attorneys' fee awards are to be determined in a "reasonable amount" as determined by the court under the circumstances. *See* A.R.S. § 25-809(G) (2007); A.R.S. § 25-324 (2007).   As to the general request for fees made in mother's Joint Pretrial Statement, given the relative financial positions of the two parties at trial, we find no abuse of discretion in the determination not to award additional attorneys' fees in addition to the sanctioned fees.[2]

CONCLUSION

¶9        We affirm the decisions of the family court.

---

[2]  We note that the ongoing record in this matter indicates that father filed a motion to modify child support claiming an income of $0.00.